**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1577-24

LEDGEWOOD CIRCLE
SHOPPING CENTER, LLC,

    Plaintiff-Appellant,

v.

KUSH AT 46 INC. d/b/a DUNKIN
DONUTS, DIPAK PATEL, and
ANAND PATEL,

    Defendants-Respondents.

_____

Submitted January 6, 2026 – Decided March 27, 2026

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0688-24.

Ehrlich Petriello Gudin Plaza & Reed, PC, attorneys for appellant (Kevin G. Desai, on the brief).

OGC Solutions LLP, attorneys for respondents (Susan Schleck Kleiner, on the brief).

PER CURIAM

This appeal arises from an ongoing dispute involving a commercial lease agreement between plaintiff Ledgewood Circle Shopping Center LLC and defendants Kush at 46 Inc., doing business as Dunkin' Donuts; Dipak Patel; and Anand Patel. The matter before us focuses on the prelusive effect of a prior action between the parties. In that earlier case, decided in 2023, the trial court awarded damages to plaintiff based on defendant's nonpayment of rent. The 2023 decision confirmed the termination of the lease, and the court further held that, based on its failure to make sufficient efforts to relet the premises, plaintiff was "not entitled to any damages for any time under the lease after December 31[,] 2021." Defendants satisfied the 2023 judgment in full.

However, in 2024, plaintiff filed another complaint—the present matter— seeking damages for defendants' nonpayment of rent from the time of the 2023 decision through the end of the original lease term (November 2024). Plaintiff appeals a December 20, 2024 Law Division order holding that plaintiff's current claim is precluded by the 2023 decision and granting summary judgment to defendants. After reviewing the record in light of the governing legal principles, we affirm.

2

I.

We discern the following facts and procedural history from the record. In 2004, plaintiff and a prior tenant entered into a lease agreement for commercial space in the Ledgewood Circle Shopping Center for a fixed term of twenty years, to end in November 2024. In 2015, defendants assumed the prior tenant's leasehold obligations and began operating a Dunkin' Donuts franchise in the shopping center. In June 2020, after a sharp decline in sales, defendants notified plaintiff that their store would be closing due to the COVID-19 pandemic and related business challenges. Defendants offered to pay rent through December 31, 2020.

On June 23, 2020, plaintiffs filed a complaint against defendants seeking damages based on defendants' nonpayment of rent.[1] The case proceeded to a bench trial in January 2023 before Judge William J. McGovern, III, who rendered an oral decision on January 25. Judge McGovern found that defendants had breached the lease, and that, from January 2021 through December 2021, plaintiff made reasonable efforts to relet the space and mitigate its damages. However, the judge found that plaintiff's mitigation efforts from January 2022

_____

[1] Plaintiff asserted claims for breach of contract, quantum meruit, unjust enrichment, breach of the covenant of good faith and fair dealing, and breach of personal guaranty.

A-1577-24

through trial were not reasonable or sufficient. As a result, Judge McGovern held that, while plaintiff was entitled to damages up until December 2021, it was "not entitled to any damages for any time under the lease after December 31[,] 2021." The judge also ordered that the premises be "released to the use and possession of . . . plaintiff immediately," if they had not been already, and that the security deposit be returned to defendant. On February 22, 2023, Judge McGovern issued a final judgment in the matter, awarding plaintiff $457,978.21 in damages. Defendants satisfied the judgment on May 8, 2023.

In April or May of 2024, plaintiff filed another complaint against defendants, again seeking damages based on defendants' nonpayment of rent and asserting nearly identical causes of action to those in its 2020 complaint.[2] On December 20, 2024, in a ten-page written opinion, Judge Noah Franzblau granted summary judgment in favor of defendants, holding that, in light of the prior judgment, plaintiff's action was barred by res judicata, collateral estoppel, and the entire controversy doctrine. Judge Franzblau also found that the complaint was frivolous under N.J.S.A. 2A:15-59.1 and Rule 1:4-8(b)(1) and awarded defendants attorney's fees and costs.

---

[2] The only difference is that plaintiff's 2024 complaint omits the unjust enrichment count.

This appeal followed. Plaintiff contends that the trial court misapplied various preclusion doctrines. Specifically, plaintiff argues that the trial court erred in applying res judicata to bar claims arising post-judgment and improperly applied collateral estoppel to claims that were never litigated or essential to the prior action. Plaintiff also contends that the entire controversy doctrine does not bar claims that had not yet accrued at the time of the prior action.

We begin our analysis by acknowledging the legal principles governing this appeal. Appellate courts review decisions on a motion for summary judgment de novo, applying "the same standard as the trial court." State v. Anderson, 248 N.J. 53, 67 (2021) (quoting Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019)). Courts must grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Friedman v. Martinez, 242 N.J. 449, 471-72 (2020) (quoting R. 4:46-2(c)). However, no deference is owed to the trial court's legal analysis. RSI Bank v. Providence Mut. Fire. Ins. Co., 234 N.J. 459, 472 (2018)

(citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016)).

Turning to substantive legal principles, this appeal involves three related preclusion doctrines: res judicata, or claim preclusion; the entire controversy doctrine (ECD); and collateral estoppel, or issue preclusion.

Under the doctrine of res judicata, once a "controversy between parties is . . . fairly litigated and determined[,] it is no longer open to relitigation." Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 606 (2015) (quoting Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960)). The doctrine serves to "provid[e] finality and repose for the litigating parties; avoid[] the burdens of relitigation . . . and maintain[] judicial integrity by minimizing the possibility of inconsistent decisions." Rippon v. Smigel, 449 N.J. Super. 344, 367 (App. Div. 2017) (quoting Velasquez v. Franz, 123 N.J. 498, 505 (1991)). For res judicata to bar a subsequent complaint, three elements must be satisfied:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.
>
> [Ibid. (citing Velasquez, 123 N.J. at 505-06).]

6

The ECD "stems directly from the principles underlying the doctrine of res judicata," Prevratil v. Mohr, 145 N.J. 180, 187 (1996), and precludes the litigation of claims that should have been joined in a prior action, R. 4:30A. In determining whether certain claims are required to be joined in the same action, "the determinative consideration is whether [those] claims are aspects of a single larger controversy because they arise from interrelated facts." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 109 (2019) (quoting DiTrolio v. Antiles, 142 N.J. 253, 271 (1995)). However, the ECD does not bar claims "unknown, unarisen or unaccrued at the time of the original action." Pressler & Verniero, Current N.J. Court Rules, cmt. 3.3 on R. 4:30A (2026).

Finally, the doctrine of collateral estoppel is a "branch of . . . res judicata which bars relitigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action." In re Liquidation of Integrity Ins. Co., 214 N.J. 51, 66 (2013) (quoting N.J. Div. of Youth & Fam. Servs. v. R.D., 207 N.J. 88, 114 (2011)). For collateral estoppel to apply,

> the party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior

7

proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

[Winters v. N. Hudson Reg'l Fire & Rescue, 212 N.J. 67, 85 (2012) (quoting Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006)).]

## II.

We next apply these legal principles to the present facts. The gravamen of plaintiff's argument is that the first action and Judge McGovern's 2023 decision only concerned the parties' conduct and lease obligations up until the date that decision was rendered. Because its 2024 complaint is based on conduct and obligations arising after that decision, plaintiff argues that none of the preclusion doctrines apply.

Even before dissecting plaintiff's contentions regarding each distinct preclusion theory, we note defendant misinterprets Judge McGovern's decision. That decision terminated the lease (returning possession to plaintiff and the security deposit to defendant) and barred plaintiff from recovering any damages after December 2021—including potential future damages through the original lease end date of November 2024. The judge's decision therefore resolved all actual and potential claims under the lease, and, as we explain, the preclusion

doctrines bar plaintiff's present action. Furthermore, the policy concerns animating those doctrines—finality and repose, avoiding burdensome relitigation, and preventing inconsistent decisions—all support barring plaintiff's claim. See Rippon, 449 N.J. Super. at 367.

We first turn our attention to plaintiff's arguments concerning res judicata and the ECD. Plaintiff argues res judicata is inapplicable because its third element—the later claim must arise from the same transaction or occurrence as the earlier one—is not satisfied here. Unlike the 2020 complaint, plaintiff maintains, its 2024 complaint is based on facts that occurred after Judge McGovern's judgment, namely defendants' "continuing breach of their lease obligations" from the time of the judgment through November 2024. For the same reason, plaintiff argues that at the time of the first action, its present claim had not yet accrued, and therefore the ECD does not apply.

This argument, however, misconstrues the scope of the first action. In that action, plaintiff sought damages not just for all unpaid rent up to the time of the January 2023 trial, but also for "any after accruing rent . . . through and including November 2024." In his oral decision, Judge McGovern clarified four times that "plaintiff is not entitled to any damages for any time under the lease after December 31 of 2021." Contrary to plaintiff's assertions, then, the facts

underlying its present complaint—defendants' alleged breach of the lease through November 2024—were also the subject of its previous claim, on which Judge McGovern rendered a final judgment.[3]  As a result, both res judicata and the ECD apply, and plaintiff's present claim is barred.

We likewise reject plaintiffs' contentions regarding collateral estoppel. Plaintiff maintains that Judge McGovern "did not adjudicate liability for unpaid rent accruing in 2022 or later," but, as we have noted, that assertion is incorrect. By terminating the lease and limiting plaintiff's recovery to the period before December 2021, his decision resolved all actual and potential liability for rent under the lease, including the possibility of future damages through November 2024.  Accordingly, we conclude that plaintiff's claim is also barred by collateral estoppel, as Judge Franzblau correctly determined.

---

[3]  Plaintiff asserts that Judge McGovern's decision "resolved only rent and mitigation issues through February 2023" and included "no factual finding or adjudication regarding lease defaults or conduct occurring thereafter."  That assertion is belied by the record.  By confirming the termination of the lease (returning possession to plaintiff and the security deposit to defendant) and holding that plaintiff is not entitled to any damages after December 2021, Judge McGovern's decision resolved all actual and potential rent and mitigation issues under the lease, including the hypothetical possibility of future damages through November 2024.

A-1577-24

To the extent we have not specifically addressed them, any remaining arguments raised by plaintiff lack sufficient merit to warrant discussion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1577-24